PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ APARICIO RIVERA ET AL., Defendants and Appellants.

No. 3605. Argued February 6, 1930.—Decided March 20, 1931.

*R. Martínez Nadal, F. Colón Díaz, Leopoldo Tormes* and *G. S. Pier-luisi* for appellants. *José Ramón Quiñones,* District Attorney of Ponce, in commission before the Supreme Court, for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The indictment in this case presented by a grand jury was substantially as follows:

"The aforesaid José Aparicio Rivera and Juan P. Bouillerce, on or about the 17th of November, A. D., 1923, in Adjuntas, Puerto Rico, which forms part of the judicial district of Ponce, Puerto Rico, José Aparicio being the secretary-auditor and Juan P. Bouillerce municipal commissioner of finance of the municipality of Adjuntas, P. R., and on the date above mentioned, while charged with the receipt, safekeeping, transfer and disbursement of public moneys belonging to said municipality, unlawfully, wilfully and maliciously disbursed the sum of $1,500 in legal currency of the United States, belonging to the public treasury, that is, to the municipality of Adjuntas, Puerto Rico, which they had under their legal custody in their capacity as such public officers, to pay the wages of workmen engaged in the repairs of municipal roads, under an ordinance of the loan of $150.000 of May, 1922, and an ordinance of the Council of Administration of October 30, 1923, of the municipality of Adjuntas, without an inspection of the repairs to the roads having been made by the Commissioner of the Interior of Puerto Rico, without the vouchers of said payments having been approved by the Commissioner of the Interior of Puerto Rico, in violation of the express ruling from the Auditor of Puerto Rico after a consultation with such officer by the municipal auditor Aparicio Rivera, without the vouchers for such

payments having been duly signed by the workmen or covering the total disbursement and without all the services having been rendered prior to the disbursement; all of which is contrary to the law for such cases provided and against the peace and dignity of The People of Puerto Rico.''

The indictment was brought under the third paragraph of section 372 of the Penal Code, but for a greater understanding it is advisable to copy the whole section, which reads as follows:

''Any officer of Porto Rico, or of any municipality or other local district, and every person charged with the receipt, safekeeping, transfer or disbursement of public moneys, who either:

''1. Without authority of law, appropriates the same, or any portion thereof, to his own use, or to the use of another; or,

''2. Loans the same, or any portion thereof; or makes a profit out of, or uses the same for any purpose not authorized by law; or,

''3. Fails to keep the same in his possession until disturbed or paid out by authority of law; or,

''4. Unlawfully deposits the same, or any portion thereof, in any bank, or with any banker or other person; or,

''5. Changes or converts any portion thereof from coin into currency, or from currency into coin or other currency, without authority of law; or,

''6. Knowingly keeps any false account, or makes any false entry or erasure in any account of or relating to the same; or,

''7. Fraudulently alters, falsifies, conceals, destroys or obliterates any account, or documents relating thereto; or,

''8. Wilfully refuses or omits to pay over, on demand, any public moneys in his hands, upon the presentation of a draft, order, or warrant drawn upon such moneys by competent authority; or,

''9. Wilfully omits to transfer the same, when such transfer is required by law; or,

''10. Wilfully omits or refuses to pay over to any officer or person authorized by law to receive the same any money received by him under any duty imposed by law so to pay over the same;

... is punishable by imprisonment in the penitentiary for not less than one nor more than ten years, and is disqualified from holding any office.''

The defendants demurred to the indictment and the overruling of the demurrer is the ground of the first assignment of error. Under this statute it is evident that the actual possession by the defendants should have been clearly set out in the indictment. The first part of the indictment says that it was the duty of the defendants to receive, keep, transfer, and pay out money belonging to the municipality of Adjuntas, and that they paid out $1,500 belonging to the public treasury—that is to say, to the Municipality of Adjuntas, Puerto Rico—which they had under their legal custody as such public officers (their official position having been previously described). We think it is fairly evident that it was impossible for these defendants to have had a joint possession of the public moneys, and the indictment was deficient in not definitely placing the custody in the officer who was charged with the safekeeping, disbursement, etc., of the public funds.

We may perhaps take judicial notice in favor of the defendants that the secretary-auditor of a municipality does not have the custody and safekeeping of public moneys, but if under the conditions he did actually have such custody, that fact ought to have been made to appear clearly from the indictment. We are of the opinion that no public offense was charged against Aparicio Rivera, secretary-auditor of Adjuntas.

The auditor audits, revises, and to a large extent controls the disbursements of public funds, but he does not actually disburse in the sense of the statute. This is made a little clearer by comparing the other offenses set out under section 372. The case is not new in this court. In *People* v. *Falcón*, 41 P.R.R. 621, we definitely decided that the municipal auditor was not the person who was charged with receiving, keeping, assigning or disbursing public funds. As we said there, the idea of the law is to refer to the officer who has the actual and direct custody of the funds and who pays them out finally, that is to say, the treasurer.

Now, what is the position of the other defendant? From the indictment there is no charge that he particularly had the possession of the funds, but the pleader may have mistakenly meant to charge a joint possession or a partial possession in the secretary-auditor. More particularly the indictment is silent on the question of whether Juan P. Bouillerce, the municipal commissioner of finance, made his payments to the alleged workmen on an order signed by the auditor. *Non constat* that Bouillerce actually paid out under the Municipal Law the funds which he was supposed to retain until due action was taken by the Commissioner of the Interior, as charged in the indictment. This idea is strengthened by the fact that the gravamen of the charge seems to be directed against the auditor and not against the commissioner of finance or treasurer. In no way does the indictment charge a conspiracy between Aparicio and Bouillerce. A part of the offense charged is that Aparicio acted without a due order from the Auditor of Puerto Rico after having had consultation with said Auditor of Puerto Rico. There is nothing in the indictment to show that Bouillerce was apprised of the lack of authority of the auditor to act, *e. g.*, to issue the due warrant, supposing, as we do, that that is a practice of the municipality under the Municipal Law. It does not appear with any degree of certainty that Bouillerce knowingly or maliciously paid out any sums of money, but on the contrary the inference is that the auditor issued warrants to the said commissioner of finance. We agree with the appellants that the indictment does not clearly charge the duties of each of the officers charged with the commission of the crime and the judgment should be reversed and the appellants discharged.